**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**JOHN A. ROBINSON, JR.,**

        **Plaintiff,**                  **1:10-cv-592**
                                                  **(GLS/DRH)**

       **v.**

**TOWN OF BETHLEHEM POLICE DEPARTMENT; CHAD A. RICE; MICHAEL S. WHITELEY; CHRISTOPHER HUGHES; TOWN OF BETHLEHEM JUSTICE COURT; RYAN T. DONOVAN; RENE Z. MERGES; DAVID N. GOLDIN;** and **TOWN OF BETHLEHEM,**

        **Defendants.**
_____

**APPEARANCES:**                 **OF COUNSEL:**

**FOR THE PLAINTIFF:**
John A. Robinson, Jr.
Pro Se
P.O. Box 407
Selkirk, NY 12158

**FOR THE DEFENDANTS:**
*Defendants Town of Bethlehem*
*Police Department, Rice, Whiteley,*
*Hughes, and Town of Bethlehem*
Bailey, Kelleher Law Firm         NANNETTE R. KELLEHER,
Pine West Plaza 5, Suite 507       ESQ.
Washington Avenue Extension
Albany, NY 12205

*Defendants Town of Bethlehem Justice*

*Court, Donovan, Merges, and Goldin*
NO APPEARANCE

**Gary L. Sharpe**
**District Court Judge**

# MEMORANDUM-DECISION AND ORDER

## I. Introduction

John A. Robinson, Jr. brings this action under 42 U.S.C. § 1983 alleging violations of his constitutional rights. (*See* Am. Compl., Dkt. No. 5.) In a Report-Recommendation and Order (R&R) filed July 9, 2010, Magistrate Judge David R. Homer, after determining that Robinson's amended complaint may be filed, recommended dismissal of the claims against defendant Judge Ryan T. Donovan.[1] (Dkt. No. 7.) Pending are Robinson's objections to the R&R. (Dkt. Nos. 10, 11.) For the reasons that follow, the R&R is adopted, Robinson's claims for monetary relief against Judge Donovan are dismissed, and Robinson is granted limited leave to re-amend his complaint to assert a claim for declaratory relief against Judge Donovan.

## II. Discussion

---

[1] The Clerk is directed to append the R&R to this decision, and familiarity therewith is presumed.

2

Before entering final judgment, this court routinely reviews all report and recommendation orders in cases it has referred to a magistrate judge. If a party has objected to specific elements of the magistrate judge's findings and recommendations, this court reviews those findings and recommendations de novo. *See Almonte v. N.Y. State Div. of Parole*, No. 04-cv-484, 2006 WL 149049, at *6-7 (N.D.N.Y. Jan. 18, 2006). In those cases where no party has filed an objection, or only a vague or general objection has been filed, this court reviews the findings and recommendations of a magistrate judge for clear error. *See id.*

Judge Homer recommended that the claims asserted in Robinson's amended complaint against Judge Donovan are subject to dismissal since "'[j]udges enjoy absolute immunity from personal liability for acts committed within their judicial jurisdiction.'" (R&R at 2, Dkt. No. 7 (quoting *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994)) (internal quotation marks and emphasis omitted).) In response, with some further elaboration, Robinson generally reasserts the same allegations contained in his amended complaint. (*See* Pl. Objections 2-15, Dkt. No. 10.) Aside from these general assertions, Robinson specifically requests that he be permitted to re-amend his complaint to remove his claim for monetary relief against

3

Judge Donovan and to expand his claim for injunctive and declaratory relief to include Judge Donovan.  (*See id.* at 2-3.)

"An official's entitlement to absolute immunity from a claim for damages ... does not bar the granting of injunctive relief or of other equitable relief."  *Shmueli v. City of New York*, 424 F.3d 231, 239 (2d Cir. 2005) (internal quotation marks and citations omitted).  However, § 1983 expressly provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable."  42 U.S.C. § 1983; *see also Montero v. Travis*, 171 F.3d 757, 761 (2d Cir. 1999).

Here, Robinson has not alleged or argued that Judge Donovan violated a declaratory decree or that declaratory relief was unavailable.  Moreover, the amended complaint states that Judge Donovan recused himself from Robinson's case on July 21, 2009.  (*See* Am. Compl. ¶¶ 10, 41, Dkt. No. 5.)  Thus, an amendment to raise a claim for injunctive relief against Judge Donovan would be both legally and factually unwarranted.  Nonetheless, casting aside the looming specter of mootness, the court grants Robinson leave to amend his complaint a second time to include a

4

claim for declaratory relief against Judge Donovan.  However, unless Robinson can allege sufficient grounds, he may not assert a claim for injunctive relief against Judge Donovan.

### III.  Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Magistrate Judge Homer's Report-Recommendation and Order (Dkt. No. 7) is **ADOPTED** and Robinson's claims for compensatory and punitive damages against defendant Judge Ryan T. Donovan are **DISMISSED**; and it is further

**ORDERED** that Robinson is **GRANTED** leave to re-amend his complaint, **in full compliance with the terms of this Order**, **within thirty (30) days** from the date of the filing of this Order, after which defendants shall respond to the complaint as permitted under the Federal Rules of Civil Procedure; and it is further

**ORDERED** that the Clerk provide copies of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

September 15, 2010
Albany, New York

_____
United States District Court Judge

5